UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE-MURRAY BEY,

    Plaintiff,

v.

                                              Case No. 14-13743

                                              HON. DENISE PAGE HOOD

ADAM FALK, CANTON CHARTER
TOWNSHIP, CITY OF LIVONIA,
ANDREW McKINLEY, ERIC
EISENBEIS, and MEGAN McATEER,

    Defendants.
_____/

**ORDER DENYING LIVONIA DEFENDANTS' MOTION FOR
REHEARING OR RECONSIDERATION PER LR 7.1(h) [#55]**

**I.    INTRODUCTION**

On March 29, 2017, the Court issued an Order that, in part, denied the Motion for Summary Judgment filed by Defendants City of Livonia, Andrew McKinley, Eric Eisenbeis, and Megan McAteer (the "Livonia Defendants"). The Livonia Defendants, other than the City of Livonia (which was dismissed from this cause of action in the Court's March 29, 2017 Order), filed a timely Motion for Reconsideration. Dkt. No. 55. Pursuant to Local Rule 7.1(h)(2) of the Eastern District of Michigan's Local Rules, "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." Having reviewed the Livonia Defendants' Motion for

1

Reconsideration, the Court concludes that no response or oral argument is necessary.

**II.  LEGAL STANDARD**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant also must demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**III.  ANALYSIS**

The Livonia Defendants first argue that the Court erroneously analyzed whether they had reasonable suspicion to conduct an investigatory stop of Plaintiff. They contend that they only requested that Defendant Adam Falk ("Falk") "make contact" with Plaintiff. The Court finds this argument disingenuous. In fact, in their response brief, the Livonia Defendants made several arguments that reflect their summary judgment motion was based on whether reasonable cause existed for the "contact": (a) the "criminal charge was dismissed because the Canton Township officer did not have personal knowledge of the suspicions of the Livonia police that requested the contact. . . . this motion is advanced on the premise that Mr. Bey reasonably felt he was not free to leave in avoidance of factual controversy. If this stop or detention was supported by either probable cause or reasonable suspicion, it was consitutionally valid, . . ." [Dkt. No. 38, PgID 267]; and (b) "[i]f Mr. Bey had refused to get out with no further police action, then this would not have been considered an investigatory stop as the facts would have demonstrated that Mr. Bey was free to leave." [Dkt. No. 38, PgID 284. Except for a couple of conclusory statements in the "Summary" of their argument, the Livonia Defendants did not argue that they had the right to "make contact" in their summary judgment motion. *See* Dkt. No. 38, PgID 283-90.

The Court also finds that evidence in the record reflects that the Livonia Defendants were following Plaintiff and his companions because they suspected

3

criminal activity, beginning in Livonia and continuing in Canton, right up to the point of directing Falk to "make contact" with Plaintiff. The Livonia Defendants, as evidenced by McAteer conducting surveillance and communicating her observations of Plaintiff and his companions to McKinley while she was in the Canton WalMart, believed Plaintiff and his companions were engaged in retail fraud and/or credit card fraud in the Canton Walmart. The Livonia Defendants communicated these beliefs to Falk. The manner in which Falk "made contact" with Plaintiff was to immediately order Plaintiff out of the vehicle, an action that is consistent with an investigatory stop. At a minimum, that action creates a genuine dispute of material fact that Falk's "contact" was simply the purpose of conversing with Plaintiff to obtain Plaintiff's identification, as the Livonia Defendants suggest.

In essence, the Livonia Defendants are asking the Court to blindly accept that contact can be made for any reason, such that law enforcement officers are entitled to qualified immunity by asserting that they were just "making contact" with someone. The Livonia Defendants appear to be suggesting that, because the officers state that they only intended to "make contact" with Plaintiff and his companions, the Court should ignore all of the other circumstances that existed or were present at the time. To do so, however, would require denying and ignoring circumstances that create, at a minimum, a genuine dispute of material fact whether the interaction with Plaintiff

4

and his companions that the Livonia Defendants ordered and attempt to justify was an investigatory stop.

For the reasons stated above, the Court does not find that it was misled by a palpable defect regarding whether there was an investigatory stop of Plaintiff or the Livonia Defendants' role in supporting and ordering the investigatory stop of Plaintiff.

The Court is not persuaded that it was misled or erred when it "disregarded" the possible M.C.L. § 257.225 (driving an unregistered vehicle) violation involving the Plaintiff's van. None of the Livonia Defendants cited the "possible unregistered vehicle" as a reason for the investigatory stop, despite allegedly knowing that they could do so. The Livonia Defendants again are asking the Court to ignore any intent of officers and, implicitly, suggesting that officers should be able to create a laundry list of possible violations after-the-fact to justify their stop. But, to completely ignore the intent of officers and the reasons they gave (or did not give) for following Plaintiff and his companions (and the actions or inactions of the officers, which may demonstrate or permit inference of intent) would insulate officers from a finding of discriminatory conduct in virtually every case, regardless of the evidence.

The Livonia Defendants suggest that the Court relied on Judge Groner's criminal ruling, but that is conjecture. In its Order, the Court noted that Judge Groner made a ruling finding that the stop of Plaintiff was baseless and that his ruling was not

challenged. The Court did not base its decision on Judge Groner's ruling, nor did the Court treat his ruling as having a collateral estoppel or res judicata effect. The Livonia Defendants also present a new argument regarding what McAteer knew – or could not know – with respect to the possible (suspected) retail fraud perpetrated by Plaintiff and his companions. As it is a new argument, it is not properly before the Court on a motion for reconsideration. The Court is not persuaded that either of those arguments establishes a palpable defect by which the Court was misled.

The Livonia Defendants next argue that the Court equated the merits of the Plaintiff's claims with the qualified immunity analysis. Ironically, despite earlier arguing that the subjective intent of the Livonia officers did not control, the Livonia Defendants assertions regarding the qualified immunity analysis are based on their belief that "Plaintiff generat[ed] no fact questions regarding the officers' knowledge or suspicions, admitting that he had no idea what they were thinking." The Livonia Defendants also contend that each Livonia officer is entitled to an analysis of his or her conduct. The Court finds that they are either: (1) ignoring the Court's analysis regarding each officer (*see* Dkt. No. 53, PgID 1436-42 for a discussion of why Plaintiff's action is viable against the individual Livonia Defendants, in particular PgID 1441-42 as it relates to McAteer and Eisenbeis); or (2) simply rearguing the issue because they disagree with the analysis and conclusion of the Court. The Court

6

concludes that the Livonia Defendants' contentions regarding qualified immunity and belief that the Court did not consider each Livonia officer individually present no palpable defect by which the Court was misled.

The Court also is not persuaded that it operated under any palpable defect when conducting its analysis of Plaintiff's Equal Protection Claim as it pertains to the Livonia Defendants. The Livonia Defendants ignore that one of the factors the Court cited and upon which it relied when finding a genuine dispute of material fact on the equal protection claim was the absence of any evidence that there was "no record" result attributable to McKinley having the temporary plate run on Plaintiff's van (which McKinley states he requested). Finally, with respect to the Livonia Defendants' argument about "[t]he Court's Over-Reliance on the Statistics *vis a vis* the Equal Protection Claim, the Court finds that they "merely present [the same arguments and] the same issues ruled upon by the Court" when it decided the Livonia Defendants' Motion for Summary Judgment.

For the reasons stated above, the Court concludes that the Livonia Defendants have not satisfied their burden of demonstrating a palpable defect by which the Court and the parties were misled, such that correcting the defect would result in a different disposition of their summary judgment motion.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that the Motion for Reconsideration filed by the Livonia Defendants [Dkt. No. 55] is DENIED.

IT IS ORDERED.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: March 5, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2018, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager