UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE-MURRAY BEY,

    Plaintiff,

v.

ADAM FALK, CANTON CHARTER
TOWNSHIP, CITY OF LIVONIA,
ANDREW McKINLEY, ERIC
EISENBEIS, and MEGAN McATEER,

    Defendants.

_____/

Case No. 14-13743

HON. DENISE PAGE HOOD

## ORDER DENYING CANTON DEFENDANTS' MOTION FOR RECONSIDERATION [#56]

## I. INTRODUCTION

On March 29, 2017, the Court issued an Order that, in part, denied the Motion for Summary Judgment filed by Defendants Adam Falk and Canton Charter Township (the "Canton Defendants"). The Canton Defendants filed a timely Motion for Reconsideration. Dkt. No. 56. Pursuant to Local Rule 7.1(h)(2) of the Eastern District of Michigan's Local Rules, "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." Pursuant to the Court's order, Plaintiff filed a response. Dkt. No. 61.

## II. LEGAL STANDARD

1

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant also must demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### III. ANALYSIS

The Canton Defendants first argue that the Court was misled by Plaintiff that Falk was in direct communication with Livionia police officer Megan McAteer. The

Court agrees that it drew that conclusion, but the primary reason for the Court's conclusion was the language in the Canton Defendants' brief. The Canton Defendants repeatedly implied that Falk heard the observations McAteer made while in the Canton WalMart by failing to indicate that McKinley relayed that information. *See* Dkt. No. 39, PgID 536-37 ("Officer McAteer additionally advised . . ."; "Officer McAteer also indicated . . ."; "Officer McAteer further relayed . . ."; and "Officer McAteer then stated . . ."). A review of the parties' recent filings reveals that it is undisputed that Falk was not in direct contact with McAteer but instead only heard what Livonia police officer Andrew McKinley (who was in direct contact with McAteer) relayed to Falk (and other officers).

Despite this issue upon which the Court was misled, the "correction" of that palpable defect does not change the Court's analysis. It is undisputed that McAteer observed and communicated to McKinley that Plaintiff and his companions went through the checkout of the Canton WalMart and paid for the items in their cart. The fact that Falk testified that he did not hear any of this information directly from McAteer does not unequivocally establish that the information was not communicated to Falk, especially as McKinley testified that "I'm on the phone with [McAteer]. She's talking to me through cell phone and I'm just updating the guys on our police radio." Dkt. No 56, PgId 1499 (citing Dkt. No. 39, Ex. B at 30-31). In order for the

3

Court to reach the conclusion the Canton Defendants desire (that Falk was not aware that Plaintiff and his companions went through the checkout and paid for the items in their cart), the Court would have to assume that Falk was telling the truth when he stated that he never heard that Plaintiff and his companions went through the checkout of the Canton WalMart and paid for the items in their cart. But, credibility determinations are for the factfinder, not the Court. For the reasons set forth in the March 29, 2017 Order, the Court is not persuaded that there is an absence of genuine dispute that Falk had reasonable suspicion to believe Plaintiff and his companions had engaged in criminal activity when Falk conducted the investigatory stop. As a result, viewing the facts in a light most favorable to Plaintiff, the Court also is not persuaded that this case is factually indistinguishable from *Hardesty* and *Lyons*,[1] such that Falk is not not liable under that line of cases.

The Canton Defendants argue that the Court was misled by Plaintiff's misrepresentation that Falk needed to establish independent reasonable suspicion of retail fraud in order to lawfully stop Plaintiff. But, contrary to the Canton Defendants' suggestion, the Court did not require that Falk have "independent reasonable suspicion to stop Plaintiff." The Court only concluded that, "at a minimum, there is a genuine

---

[1] *Hardesty v. Hamburg Twp.*, 461 F.3d 646 (6th Cir. 2006); *United States v. Lyons*, 687 F.3d 754 (6th Cir. 2012).

4

issue of material fact whether Falk had reasonable suspicion to stop Plaintiff." Dkt. No. 53, PgID 1444. The Court also is not persuaded by the Canton Defendants' suggestion that the Court relied on Judge Groner's criminal ruling and/or applied it as collateral estoppel offensively. In its Order, the Court noted that Judge Groner made a ruling finding that the stop of Plaintiff was baseless and that his ruling was not challenged or appealed. The Court did not base its decision on Judge Groner's ruling, nor did the Court treat Judge Groner's ruling as having a collateral estoppel or res judicata effect.

The Court also is not persuaded that it was misled regarding Falk's investigatory stop. Despite the Canton Defendants' assertion that Plaintiff's conduct as soon as Falk approached the vehicle (allegedly revealing to Falk that Plaintiff was carrying a concealed weapon) defeats his claim of liability, there is evidence (taken in a light most favorable to Plaintiff) that evening's events unfolded in the following order: (1) Plaintiff and his companions returned to their van from the Canton WalMart and Plaintiff was in the van with his seatbelt on; (2) three police cars surrounded the van after Plaintiff got in it; (3) Falk approached the van and ordered Plaintiff and his companions out of the van; and (4) Plaintiff revealed that he was carrying the concealed weapon. Dkt. No. 46, Ex. A at 54-58; Ex. F at 38-40. Based on that sequence of events, the Court finds no merit in the Canton Defendants' argument that

5

the stop was permissible – and they cannot be liable – because Falk had reasonable suspicion/probable cause to detain based on Plaintiff's possession of the concealed firearm without a valid permit.

The Canton Defendants contend that the Court was misled to believe that Falk made contact with Plaintiff in order to gather intelligence or obtain an explanation for why he was shopping. Although they assert that Falk had no knowledge of McKinley's expressed intent to obtain identification, gather information, and get an explanation for why Plaintiff and his companions were shopping, it is undisputed that McKinley testified to that intent. The Canton Defendants argue that "there is absolutely no evidence to suggest that Falk had any knowledge whatsoever of McKinley's subjective intent, but they do not cite any testimony by McKinley that he did not communicate that intent to Falk. The Court concludes that, as the evidence in the record reflects that McKinley had the specified intent and was communicating with Falk regarding the stop or "contact" to be made of Plaintiff and his companions, it is for the fact finder to determine whether Falk was aware of McKinley's intent.

The Court was not misled, as the Canton Defendants suggest, regarding the nature of Falk's testimony pertaining to racial profiling and the significance of his police report. The Court accurately quoted Falk's testimony and cited the police report prepared by Falk. The Court's analysis recognized that both items contain

evidence that, taken in a light most favorable to Plaintiff, could support a claim that Plaintiff's race was factor in Falk's actions. The Canton Defendants' argument frames the evidence in a light most favorable to them, a view the Court cannot adopt at this stage of the proceedings.

As to the Canton Defendants' claim that the Court was misled regarding Plaintiff's *Monell* claim, the Court first notes that the sentence they cite ("Plaintiff has not presented allegations, argument, or evidence (at least not that is connected) to support his claims of municipal liability against Livonia or Canton.") mistakenly included "or Canton." As the Canton Defendants recognize, the Court later stated that "Plaintiff has offered evidence that Canton had complaints of racial discrimination/profiling, including one instance involving Falk." The Canton Defendants: (a) do not dispute that evidence; and (b) essentially reiterate the arguments presented in their motion, supporting brief, and reply brief regarding the effect (or lack thereof) of those complaints and the manner in which the City of Canton handled them. The Court again concludes that the evidence presented establishes a genuine dispute of material fact as to whether the City of Canton is subject to municipal liability.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion for Reconsideration filed by the Canton Defendants [Dkt. No. 56] is DENIED.

IT IS ORDERED.

                      S/Denise Page Hood
                      Denise Page Hood
                      Chief Judge, United States District Court

Dated: March 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2018, by electronic and/or ordinary mail.

                      S/LaShawn R. Saulsberry
                      Case Manager